09CV1706
PJS/FLN

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMUEL N. EDEH,<br><br>　　　　　　　Plaintiff, *pro se*,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　　　　Defendant. | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff, Samuel N. Edeh, *pro se*, in the above styled cause and for his Complaint against Defendant Midland Credit Management, Inc., ("Defendant" or "Midland" hereafter) states as follows:

### PRELIMINARY STATEMENT

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U. S. C. § 1692 *et seq.* ("the FDCPA" hereafter), and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("the Rosenthal Act" hereafter), and the invasions of Plaintiff's personal privacy and financial privacy by this Defendant in its illegal efforts to collect a consumer debt.

### JURISDICTON AND VENUE

2. This Court has original jurisdiction of Plaintiff's claims under 28 U. S. C § 1331 and pursuant to 15 U. S. C. § 1692k(d).

3. Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

4. This Court may exercise supplemental jurisdiction over the related federal law claim under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U. S. C. 227 *et*

1

SCANNED
JUL 02 2009
U.S. DISTRICT COURT MPLS

*seq.*, and state law claims arising out of the same nucleus of operative facts which give rise to the FDCPA claims.

5. Venue is proper in this District because the transactions and occurrences which give rise to this action occurred here, Plaintiff resides here and Defendant transacts business here.

## PARTIES

6. Plaintiff is a natural person who resides in Olmsted County, Minnesota, and a "consumer" as that term is defined by the FDCPA.

7. Midland is a Kansas corporation with its principal place of business in San Diego, California, and at all times relevant to this action was doing business in Minnesota.

8. Midland is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

9. At all times relevant to this action, Plaintiff is informed and believes, and thereon alleges, that Midland conducted business within the State of California and used instrumentalities of interstate commerce such as the United States Mail and telephonic communications in the business of collecting "consumer debts" in Minnesota.

10. Plaintiff's alleged "debt" was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person, and was therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

11. Upon information and belief, Midland purchased a credit card debt that was allegedly originally owed by Plaintiff to HSBC/Orchard Bank.

12. Upon information and belief, Midland intended to and did begin efforts to collect upon

the HSBC/Orchard Bank credit card debt from Plaintiff by December 30, 2008.

13. Upon information and belief, Midland attempted to contact Plaintiff on his cellular telephone at 12:37 PM Central Standard Time (CST) on December 26, 2008.

14. The caller's identity appeared as "unavailable" and Plaintiff did not answer the call hoping the unknown caller would leave a message and disclose its identity.

15. The call was transferred to Plaintiff's voice message but the caller did not leave any message, likely because it was a predictive dialer.

16. On December 2008, specifically at 8:31 AM (CST), Midland used an "automatic telephone dialing" system to place a call on Plaintiff's cellular telephone.

17. The caller identity for this call also appeared as "unavailable."

18. Plaintiff was concerned about this unknown caller who was contacting him on his cellular telephone.

19. When Plaintiff took the call, there was a pause before a live agent of Midland came on line.

20. The agent alleged that Plaintiff was indebted to Midland for a certain amount.

21. Plaintiff did not recall any such debt and because there was no provided proof for the debt, Plaintiff disputed any and all allegations of indebtedness, and immediately requested Midland's agent to send him detailed information in the mail regarding the alleged debt so Plaintiff may ascertain the validity of the debt.

22. That telephone call was the initial communication from Midland.

23. The communication did not contain the notice required by 15 U. S. C § 1692g.

24. Midland did not send Plaintiff the notice required by 15 U. S. C § 1692g within 5 days of the initial telephone call to Plaintiff.

25. On the very same day around 6:00PM (CST), Plaintiff reviewed his Trans Union credit report and noticed that Midland obtained a copy of his credit history in December 2008.

26. Plaintiff immediately faxed a cease and desist letter to Defendant requesting Defendant to withhold further collection activity pending successful verification of the alleged debt.

27. Defendant, in open defiance of Plaintiff's cease and desist letter, proceeded to report the debt to the credit reporting agencies on or around February 13, 2009.

28. Because Plaintiff disputed the debt and Defendant failed to validate, the debt remained non-validated and thus reporting it was deceptive, unfair and continued collection activity in violation of 15 U. S. C § 1692e and 1692g.

29. On or around March 5, 2009, Plaintiff sent a certified letter to Midland notifying Midland that it was in violation of the FDCPA and that it must stop reporting the non-validated debt to the credit reporting agencies.

30. In that letter, which was received and signed for on March 9, 2009 by Midland's agent D. Pierce, Plaintiff requested, among other things, the name and address of the original creditor, the nature of the debt, copies of any documents (contract, loan agreement, etc.) showing that he agreed to pay such obligation, proof of his responsibility on this debt including billing statements, as well as any and all payments made on the debt.

31. Again, Midland ignored Plaintiff's validation request and did not provide any form of verification whatsoever.

32. Meanwhile, Defendant caused the debt to remain on plaintiff's credit reports.

33. On April 13, 2009, Plaintiff sent Midland certified mail in which he once again put Midland on notice that it was in violation of the FDCPA.

34. In that mail, Plaintiff requested Midland to remove the debt from his credit reports and to

stop further collection activity, such as reporting or verifying the debt to the credit bureaus.

35. By May 6, 2009, Plaintiff had disputed the debt with the credit reporting agencies at least ten (10) times and Midland verified the debt to the credit reporting agencies.

36. Midland's verifying the non-validated debt to one or more credit reporting agencies constituted continued collection activity in violation of 15 U. S. C § 1692g.

37. In further goodwill effort to resolve this matter, despite Defendant's repeated violations, Plaintiff faxed a demand letter to Defendant on May 11, 2009.

38. The letter provided Midland an opportunity to resolve the matter by removing the debt from Plaintiff's credit reports within 5 days and by providing an affidavit affirming that the debt would not be reported again on Plaintiff's credit reports and that it would not be transferred or reassigned to another party(ies).

39. On May 13, 2009, Plaintiff noticed that Midland promptly deleted the debt from his credit reports with all three credit reporting agencies as requested.

40. However, Midland failed to provide requested affidavit which would have ensured complete and satisfactory resolution of this matter.

41. Defendant repeatedly ignored or undermined Plaintiff's goodwill efforts to permanently resolve this matter.

### *Summary*

42. On December 26, 2008, Midland caused a call to be placed on Plaintiff's cellular telephone without meaningful disclosure of the caller's identity in violation of 15 U. S. C § 1692d(6)

43. Midland's initial telephone communication on December 30, 2008 did not contain the notice required by 15 U. S. C § 1692g.

44. Midland did not send Plaintiff the notice required by 15 U. S. C § 1692g within 5 days of the initial telephone call to Plaintiff.

45. Defendant violated 15 U.S.C. §§ 1692e and 1692g by reporting the debt to the credit reporting agencies after debt validation was requested and not provided.

46. Defendant violated 15 U.S.C. §§ 1692c(c) and 1692g(b) on multiple occasions by verifying the non-validated debt to one or more consumer reporting agencies.

47. Verifying the debt to the consumer reporting agencies constituted further collection activity as well as continued communication to Plaintiff both of which are prohibited under 15 U.S.C. §§ 1692c(c) and 1692g(b).

48. Midland's actions of ignoring Plaintiff's validation requests and reporting and repeatedly verifying the non-validated debt to the credit reporting agencies was unfair and manipulative, and it caused Plaintiff enormous stress and anguish because of the emotionally abusive manner in which it was done.

49. Midland's attempts to collect this debt from Plaintiff and refusal to stop violating the law and to stop reporting the debt on Plaintiff's credit reports and to stop verifying the non-validated debt to the credit reporting agencies was an invasion of Plaintiff's privacy and his right to be left alone.

50. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c),1692d, 1692d(6), 1692e and 1692g amongst others.

51. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of Cal. Civ. Code § 1788.17.

52. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect on this debt was a violation of numerous and multiple provisions of the FDCPA and the Rosenthal Act, including but not limited to all of the above mentioned provisions of the FDCPA and the Rosenthal Act, and was the direct and proximate cause of severe emotional distress on the part of Plaintiff.

53. Plaintiff has suffered actual damages as a result of these illegal collection communications by Midland in the form of anxiety, emotional distress, frustration, upset, humiliation, sleeplessness amongst others, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. At all relevant times Defendant regularly engaged in the practice of collecting debts for itself or on behalf of other individuals, and is therefore a "debt collector" under the FDCPA.

56. At all times relevant to this complaint, Midland sought to collect a "consumer" debt from Plaintiff.

57. All of the above-described collection communications made to Plaintiff by Defendant were deliberately made in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692d(6), 1692e and 1692g amongst

others.

58. All actions taken by Defendant were done with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or that Defendant knew or should have known that its actions were in reckless disregard of the FDCPA.

59. Plaintiff specifically notified Defendant about its violations on three different occasions but Defendant ignored the notices and instead continued its illegal course.

60. Defendant has been sued in the past because of these identical misconducts.

61. Defendant is therefore subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

62. Plaintiff has suffered and continues to suffer damages as a result of these violations.

63. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

## COUNT II.

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### California Civil Code §§ 1788-1788.32

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Rosenthal Act as to this Plaintiff, including but not limited to Cal. Civ. Code § 1788.17, amongst others.

66. As a result of Defendant's violations of the Rosenthal Act, Plaintiff is entitled to his

actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable costs for this action pursuant to California Civil Code § 1788.30(c), from Defendant.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

67. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

68. Both Minnesota and California state laws recognize Plaintiff's right to be free from invasions of privacy and Midland violated these laws as described in this Complaint.

69. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

70. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
> 15 U.S.C. § 6801(a) (emphasis added).

71. Midland intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

72. Midland also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

73. Midland intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

74. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

75. The conduct of Midland in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Midland which occurred in a way that would be highly offensive to a reasonable person in that position.

76. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Midland.

77. All acts of Midland and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Midland is subject to punitive damages.

## COUNT IV.

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U. S. C. § 227 *et seq.*

78. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as

though fully stated herein.

79. At all times relevant, Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U. S. C. § 153 (10).

80. Defendant is, and at all times mentioned herein was, a corporation and "person," as defined by 47 U. S. C. § 153 (10).

81. Plaintiff is informed and believes, and thereon alleges, that on December 30, 2008 and at other time(s) that will be discovered during discovery, all prior to the date this Complaint was filed, Defendant caused calls to be placed on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U. S. C. § 227 (a)(1).

82. Plaintiff is informed and believes, and thereon alleges, that the telephone number called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U. S. C. § 227 (b)(1).

83. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purpose as defined by 47 U. S. C. §227 (b)(1)(A)(i).

84. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not provide express consent to receive calls on his cell phone, pursuant to 47 U. S. C. § 227 (b)(1)(A).

85. Defendant unfairly, unlawfully, intentionally, deceptively and fraudulently violated 47 U. S. C. § 227 *et seq.*

86. As a result of Defendant's negligent violations of 47 U. S. C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U. S. C. § 227(b)(3)(B), from Defendant.

87. Alternatively, Defendant caused the unlawful phone calls to be placed willfully and/or knowingly, entitling Plaintiff to a maximum of treble damages from Defendant under the TCPA, 47 U. S. C. § 227(b)(3)(C).

88. Plaintiff is also entitled to and seeks injunctive relief prohibiting such future conduct.

89. Plaintiff has suffered damages as a result of these violations of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant and respectfully prays for:

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- Declaratory judgment that Defendant's conducts violated the FDCPA.
- Actual damages in an amount to be determined by the jury;
- Statutory damages in an amount to be determined by the jury;
- Punitive damages in an amount to be determined by the jury;
- Costs and expenses for this action; and
- Such other and further relief as the Court may deem just and proper.

## COUNT II.

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### California Civil Code §§ 1788-1788.32

- for equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting further collection of the debt. Defendant failed to supply demanded proof of alleged

debt as required and the Court may now presume, under the doctrine of estoppel by silence, that no proof of the alleged debt, nor therefore any such debt, in fact exists.

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant, in a reasonable amount to be determined at trial, and for Plaintiff;

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant, in a reasonable an amount to be determined at trial;

- for an award of statutory damages of $1,000.00 against Defendant, pursuant to California Civil Code § 1788.30(b), and for Plaintiff;

- for an award of costs of litigation against Defendant, pursuant to California Civil Code § 1788.30(c), and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Midland for all damages including emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- for an award of punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.

### TELEPHONE CONSUMER PROTECTION ACT "TCPA"

**47 U. S. C. § 227 *et seq.***

- Declaratory judgment that the Defendant's conducts violated the TCPA.

- Pursuant to 47 U. S. C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Statutory damages.
- Actual damages.
- Treble damages.
- Punitive damages.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all counts and all issues.

Respectfully Submitted,

Dated: June 30, 2009

Samuel N. Edeh
Plaintiff, *pro se*

3123 15th Ave. NW #C
Rochester, MN 55901-1427
(507) 282-3577
(208) 975-8084 *facsimile*
samedeh81@yahoo.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF MINNESOTA**            )
                                  ) ss
**COUNTY OF OLMSTED**             )

Plaintiff Samuel Edeh, having been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made where appropriate, I have not altered, changed, modified, or fabricated the exhibit, except that the attached exhibit may contain some of my own handwritten notations.

_____
Samuel N. Edeh

Subscribed and sworn to before me this
the __30__ day of June, 2009.

_____
Notary Public
My commission expires: __1/31/2010__

JULIE MEINCKE
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

15

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY    Case 0:09-cv-01706-RJS-FLN  Document 1  Filed 07/02/09  Page 16 of 18    Page 1 of 1

09CV1706
PJS/FLN



# Minnesota
Secretary of State Online Access

DA Home   UCC   Business Services   Account   Session Briefcase   Help/FAQs   About   Login

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 90736 | **Entity Type:** | Foreign Corporation |
| **Original Date of Filing:** | 4/7/1998 | **Entity Status:** | Active |
| **Non-profit:** | | **Good Standing:** (date of last annual filing) | 2008 |

**Name:** Midland Credit Management, Inc.
**Registered Office Address:** 380 Jackson Str #700
St Paul, MN, 55101
**Home State:** KS

**Agent Name:** Corporation Service Company

[ Additional Entity Detail ]   [ Return to Search List ]   [ New Search ]

---

DA Home | OSS Home | Contacts | Privacy Policy | Terms & Conditions

Use of this site and services indicates your acceptance of the Terms & Conditions of Use.
©Copyright 2001, Minnesota Office of the Secretary of State. All Rights Reserved.



About Us

## Our Locations

**San Diego, CA.**
8875 Aero Drive Suite 200
San Diego, CA 92123
Phone: (858) 560-2600
Toll Free: (877) 445-4581

**Phoenix, AZ.**
4302 E. Broadway Rd.
Phoenix, AZ 85040-8808
Phone: (602) 707-0211
Toll Free: (800) 265-8825

**St. Cloud, MN.**
16 McLeland Road
St. Cloud, MN 56303
Toll Free: 800-265-8825

**Gurgaon, India.**
520 Udyog Vihar, Phase III
Gurgaon 122015, India
Phone: +91-124-4530300
Toll Free: 800-365-8825

**SAMUEL N. EDEH**   3123 15TH AVE NW APT C Rochester MN 55901
eFax: (208) 975-8084
eMail: samedeh81@yahoo.com

---

June 30, 2009

Clerk of Court
United States District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re: Samuel N. Edeh v. Midland Credit Management, Inc.**

Dear Clerk of Court:

Enclosed for filing in the above-referenced matter please find an original of the following documents:

1. Summons and Complaint;

2. Civil Cover Sheet;

3. Request for credit card payment form

*[RECEIVED BY MAIL JUL 02 2009 CLERK US DIST COURT MINNEAPOLIS MN]*

Also enclosed are printouts indicating location information for Midland Credit Management, Inc, which maintains its principal address at 8875 Aero Drive Suite 200, San Diego, CA 92123 and whose registered agent is located at 380 Jackson Street #700, St. Paul, MN 55101

Please return the signed and sealed Summons and the file stamped Complaint to my messenger in the enclosed prepaid USPS Priority Mail envelope. Also, please return a copy of a file stamped copy to me in the yellow self addressed stamped envelope. Thank you.

Sincerely,

Samuel Edeh