UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMUEL N. EDEH,<br><br>　　　　　　Plaintiff *Pro Se,*<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　　　Defendant. | Civil File No. 09-CV-1706 (PJS/FLN)<br><br>MOTION TO COMPEL |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT**

　　　　Pursuant to Rule 37 of the Federal Rules of Civil Procedure, plaintiff requests an Order compelling defendant, Midland Credit Management, Inc., ("Defendant") to provide full and complete responses to plaintiff's First Set of Interrogatories. Specifically, plaintiff moves that the Court order defendant to provide the following information: the name and contact information of each person who had any involvement in any effort on behalf of defendant to collect or attempt to collect the debt which forms the basis of this action and the nature of any such involvement undertaken by such person in behalf of defendant (Interrogatory No. 6).

　　　　Plaintiff seeks this information because these individuals are most likely to have information relevant to defendant's alleged illegal collection practices. The location of such individuals as well as the nature of their involvement is relevant to plaintiff's claim that the Rosenthal Act is applicable to this case involving a California entity and a non-Californian consumer.

The discovery response was due on October 15, 2009. Plaintiff have made a good faith effort to resolve this discovery matter before filing this motion by conferring with defendant's counsel by letter dated November 1, 2009, and through email on November 5, 2009. Defendant is yet to supplement its response to the Interrogatory. For the reasons stated below, this discovery should be compelled and plaintiff should be awarded his cost associated with this Motion.

## INTRODUCTION

In this action, plaintiff alleges that defendant acquired plaintiff's debt owed to HSBC Bank Nevada, N.A. Defendant undertook to collect the debt from plaintiff, and in doing so violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U. S. C. § 1692 *et seq.* and the California Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), California Civil Code §§ 1788-1788.32. Both of these Acts seek to promote honest, fair and responsible debt collection by giving consumer debtors specific rights. These include the right to request debt collector to cease communication, the right to *dispute* a debt and require a debt collector to investigate the validity of the debt.

Plaintiff alleges that defendant failed in its obligation to validate the debt and subsequently failed to ease collection activity. In order to require a debt collector to cease communication or collection activity, debtor needs to request it *in writing*. 15 USC § 1692c(c)(1)-(3). In his letters dated December 30, 2008 and March 5, 2009, Defendant (Exhibit A & B), Plaintiff did just so and specifically requested Defendant to "cease and desist all collection activity…pending successful verification of this debt." Defendant received this fax on December 31, 2008. See Defendant's Production Notes ("Def.

Notes), attached hereto and marked as <u>Exhibit C</u>, page 4, line 24-30. After receiving this letter, Defendant could *only* contact Plaintiff to inform him of any of the following:

> (a) that no further attempt will be made to collect the debt; or (b) that it or the original creditor may use specified remedies which it ordinarily uses, such as filing a collection lawsuit; or (c) that the debt collection agency intends to use a specified remedy, such as filing a lawsuit. 15 USC § 1692c(c)(1)-(3).

But this is not what happened. <u>Def. Notes</u> indicates that defendant continued its collection activity and performed at least thirty-three (33) distinct, logged activities on the debt. All the while, defendant never bothered to respond to the plaintiff's disputation letters. According to the FDCPA, 'communication' means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Plaintiff is therefore entitled to discover all information relating to each and every logged (and non-logged) communication regarding the debt.

Plaintiff alleges in his Amended Complaint that Defendant is liable under the Rosenthal Act. Defendant rebuts in its Answer stating that the Rosenthal Act is "wholly inapplicable" to this case because plaintiff is not a resident of California. To the best of plaintiff's knowledge and research, this issue appears before this Court as a matter of first impression. Plaintiff is only aware of one other case that dealt with this issue of whether or not the Rosenthal Act is applicable to nonresidents of California. In *Pollock v. Bay Area Credit Service, LLC,* No. 08-61101 (S.D. Fla. August 13, 2009), the Court ruled that the Rosenthal Act could not apply because the debt collector "pursued claims from locations *outside* of California." It is not clear how this Court will interpret that proposition. However, part of plaintiff's strategy is to show that defendant indeed pursued claim from

location *within* California. Plaintiff is therefore entitled to know the name and location of each person involved in each logged activity provided on Def. Notes. Plaintiff is also entitled to a detailed description of the nature of each logged activity.

Pursuant to the Federal Rules, and for the reasons stated below, plaintiff is entitled to discover evidence directly relating to plaintiff's claims. Accordingly, this Court should compel defendant to provide the following information:

a) The names and contact information for defendant's employees or agents who had any involvement in any effort on behalf of defendant to collect or attempt to collect the debt.

b) The exact nature of each such involvement which such persons took in behalf of defendant.

## ARGUMENT

**The Court should Order defendant to provide complete answer to plaintiff's interrogatory because plaintiff is entitled to this discovery under the Federal Rules.**

Plaintiff's Interrogatory No. 6 requested that defendant provide the names and contact information for its employees and agents who had any involvement in any efforts on behalf of defendant to collect or attempt to collect the debt and who will likely have information concerning each and every collection activity that defendant engaged in its attempt to collect on the debt and the description of each activity undertaken. Defendant failed to comply with this request. Because the information is relevant to the party's claims and plaintiff's Interrogatory is narrowly tailored to discover this relevant

information, defendant should be compelled to provide complete answers to plaintiff's Interrogatory pursuant to Rules 33, 34 and 37.

### (a) Statement of the law.

Under Rule 26(b)(1), a party is entitled to discovery on any matter that appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *See Crump v. Versa Prods.*, 400 F.3d 1104, 1110 (8th Cir. 2005). Further, Rule 33(a)(2) permits plaintiffs to serve Interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). A Court may compel a party to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). "Under the discovery rules, evasive or incomplete responses are treated as failures to respond." *Kashlan v. TCBY Sys., LLC*, 2007 U.S. Dist. LEXIS 84337, *12 (E.D. Ark. Nov. 6, 2007). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 511 (N.D. Iowa 2000); *see also EEOC v. Klockner H & K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996); *American Rock Salt Co., LLC v. Norfolk S. Corp.*, 228 F.R.D. 426, 440 (W.D.N.Y. 2004) (granting motion to compel discovery because the defendants had "failed to sustain their burden" with respect to their objections); 8A Wright, Miller, & Marcus, *Federal Practice and Procedure: Civil 2d* § 2173, at 291-92 (1994) ("The burden is on the objecting party to show why an interrogatory is improper.")

**The Interrogatory at issue is narrowly tailored and seeks only information directly relevant and easily produced by defendant.**

Defendant's answer to Interrogatory No. 6 is at issue. The Interrogatory states (verbatim):


> "For each person who has had any involvement in any manner in any efforts on your behalf to collect or attempt to collect any debt purportedly owing by Plaintiff, state his/her name, position, home and contact addresses and telephone numbers, and the nature and purpose of his/her involvement; describe each action taken, the nature, contents and subject matter of each discussion or conversation held, and the time, place and the date of each such action or conversation; and identify all documents relevant, related to or reflecting said involvement of each such person."

Defendant responded (verbatim):

> "Defendant objects to this Interrogatory because it is overly broad, unduly burdensome, repetitive, cumulative and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Without waiving these objections, see Answer to Interrogatory No. 2 set forth above and the production notes to be produced in response to Plaintiff's Request for Production."

Even after considering defendant's response to Interrogatory No. 2 (See Exhibit B), defendant's response is evasive and incomplete. Defendant identified three persons, namely Aaron Fuentes, Angelique Purvis, and Shelly Schwanke, whom it claimed has knowledge regarding:

1) "the attempt to contact plaintiff on December 30, 2008,"

2) "receipt of communications from plaintiff described in Amended Complaint,"

3) "a call from Plaintiff regarding the status of his account in June 2009,"

respectively.

However, Def. Notes produced in response to plaintiff's request for production identifies at least 33 logged activities which include many more activities not covered in defendant's three-item response. Defendant response is clearly incomplete. Defendant has access to the names and location information requested by plaintiff. Defendant also has knowledge of the nature of the involvement of each of such person not yet identified. Defendant is

also responsible for providing the details of any other activity that is not reflected on <u>Def. Notes</u>. **Specifically, plaintiff is entitled to know the name(s) and contact information of the person(s) who prepared, printed and mailed the collection letters.** Plaintiff asked defendant to supplement its response but it failed to do so.

 The Court should also order defendant to provide a key to codes used in the production notes. Granted, plaintiff did not specifically ask for a key to codes in his discovery request. However, by requesting defendant to identify each person who has had any involvement in any manner in any efforts to collect the debt and to "<u>state…the nature and purpose of his/her involvement; describe each action taken, the nature, contents and subject matter of each discussion or conversation held</u>," plaintiff made it abundantly clear that he was requesting an exact, unambiguous description of each collection activity undertaken. Unfortunately, the production note produced by defendant is a smorgasbord of codes, acronyms and jargons. Plaintiff cannot be reasonably expected to understand abbreviations and code words, letters, numerals, or symbols regularly used by defendant in its records of collection activities. Plaintiff attempted to resolve this informally in an e-mail to defendant dated October 27, 2009 where he asked for the "definitions of the codes and abbreviations used in the production notes." By the time this Motion was filed, defendant was still "checking on the availability of a glossary of abbreviations." In *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D. Conn. 1998), the court ordered the production of collection records and a key to codes used therein. Defendant must be compelled to provide the meaning of the codes used in the production notes.

**Defendant should be Ordered to pay plaintiff reasonable expenses in making this Motion.**

Pursuant to Rule 37(a)(5), if plaintiff's Motion is granted, "the Court must . . . require the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5). In this case, fees are appropriate. Defendant did not provide the requested information as required in its initial disclosures or as requested in its discovery responses. Defendant has not demonstrated "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1)" or specifically how the Interrogatory is overly broad, burdensome or oppressive. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511-12. Defendant also failed to provide a proper and timely privilege log and other evidentiary bases to support the privilege claims. Furthermore, defendant did not supplement its response after two written requests. *See GP Indus., LLC v. Bachman,* 2008 U.S. Dist. LEXIS 90292, *12-13 (D. Neb. 10 April 10, 2008) (holding that movant that filed a successful motion to compel was entitled to reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5)). Therefore, Defendant should be ordered to pay Plaintiffs' reasonable expenses in bringing this Motion.

## CONCLUSION

For the foregoing reasons, plaintiff requests that the Court compel defendant to provide adequate responses to plaintiff's Interrogatory No. 6 and provide a key to codes used in its production note as outlined above, and Order defendant to pay plaintiff's

reasonable expenses in bringing this Motion. (See plaintiff's Declaration of Costs itemizing his costs and expenses)

    Respectfully submitted,

Dated: November 10, 2009      By:   /s/ *Samuel N. Edeh*
                  Samuel N. Edeh
                  Plaintiff, Pro Se
                  3123 15th Ave. NW #C
                  Rochester, MN 55901-1427
                  (507) 282-3577 phone
                  (208) 975-8084 facsimile

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on this 10th day November, 2009, a true and correct copy of the foregoing **MOTION TO COMPEL DISCOVERY** (with exhibits and attachments) was served via the Court's electronic filing system as follows:

  **SUSAN E. GUSTAD**
  33 South Sixth Street, Suite 3800
  Minneapolis, MN 55402
  *Attorney for Defendant*

                 /s/ *Samuel N. Edeh*